THE CITY OF EAST ST. LOUIS

*v.*

BRIDGET HACKETT.

EJECTMENT—*verdict must not be for more land than the proof shows title.*
Where the proof shows title in the plaintiff in ejectment for only a part of the land claimed in the declaration, a verdict finding the " defendant guilty of unlawfully withholding, and that the plaintiff is seized in fee of the prem-

·ises in the declaration described," can not be sustained, and this court will not reform the verdict and render judgment for the part to which the plaintiff has shown title.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of ejectment, by Bridget Hackett against the city of East St. Louis. The general issue was filed, and a trial had, resulting in a verdict and judgment in favor of the plaintiff.

Mr. R. A. HALBERT, for the appellant.

Mr. M. MILLARD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The premises sought to be recovered in this action are described in the declaration as " a strip taken off of the southeasterly end of lots one and two, of N. Valle's subdivision of part of United States survey 126, twenty-five feet wide, and a strip twenty-five feet wide, lying in front of said lots, on the south-east of the same."

On the trial, the jury found " defendant guilty of unlawfully withholding, and that the plaintiff is seized in fee simple of the premises in the declaration described," upon which verdict the court rendered judgment that plaintiff recover the premises. That finding is clearly not sustained by the evidence. The land claimed by plaintiff in her testimony, is a strip seven feet wide at one end and five feet at the other, off the lots described. There is no pretense she owns or ought to recover all the land described in the declaration, and for the recovery of which she has judgment.

We have been asked to reform the verdict according to the evidence, and enter the judgment in this court that the circuit court ought to have rendered. That we must decline to do. Although we may be satisfied plaintiff is the owner of the land in controversy, there has been no finding as to that fact.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*