The East St. Louis and Carondelet Railway Company

*v.*

Mary Nugent.

*Filed at Mt. Vernon October 27, 1893.*

1. LIMITATION—*twenty years adverse possession.* Actual possession for twenty years by one claiming title as against the world, constitutes a bar to the claims of others not falling within exceptions of the statute; and no color of title is necessary to sustain the defense of twenty years limitation under the statute.

2.  The continued occupation and use of a part of a lot by a railroad company and its grantors as a right of way for its road for over twenty years, the company exercising control over it and using it during that period, will constitute a bar to a recovery by the true owner.

3.  Same—*possession—its extent—under color of title.* The doctrine that when a party enters under claim and color of title, his or her possession is to be deemed co-extensive with the description in the deed under which the entry is made, does not apply to such of the described tract as may at the time be in the actual occupancy of another.

Appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding.

Messrs. Holder & Turner, for the appellant:

Peaceable possession does not contemplate an artificial fence. If the possession is actual, visible, exclusive and notorious, so far as the actual occupancy extends, by running trains, repairing track, using soil for filling and grading, for servants in coupling and cutting trains for the ordinary purposes of operating a railroad, for the requisite period, a title may be acquired. Wood on Limitations, 503.

Possession of a strip of land, with ties and rails for operating a railroad, draws to it the possession of the land adjacent thereto though not enclosed, the same as possession of a farm draws to it the possession of the woodland belonging thereto though not enclosed. *Penn* v. *Preston,* 2 Rawle, 14; *Davis* v. *Easley,* 13 Ill. 199.

A fence is not indispensable to constitute possession of a tract of land. There are many other acts equally evincive of such an intention, such as entering upon land and making improvements thereon, raising a crop, and felling and selling trees thereon. *Pearson* v. *Herr,* 53 Ill. 150; *Ellicott* v. *Pease,* 10 Pet. 412.

There is no general rule as to what character of acts or improvements will be sufficient to constitute possession, as every case must rest on its own facts. *McLean* v. *Farden,* 61 Ill. 109.

The land in dispute was used and constituted a part of the right of way of the Belleville and Illinoistown Railroad Company, from whom defendant derives title, since 1854,—a period of thirty-seven years. It was used for just such purposes as a railroad uses its right of way, the same as a farmer uses his timber land.

Any instrument indicating an intention to pass a title to lands, of which a description is given, from one party to another, gives color of title to the lands described. *McCagg* v. *Heacock*, 34 Ill. 476.

A sale by a sheriff under a void judgment is good, and a deed executed under a decree gives color of title, though the decree is void. *Hassett* v. *Ridgely*, 49 Ill. 197; *Fritz* v. *Joiner*, 54 id. 101.

Mr. M. Millard, for the appellee:

A paper or proceeding which may result in giving title is not color. *Spellman* v. *Curtenius*, 12 Ill. 409; *Bride* v. *Watt*, 23 id. 507; *Rawlings* v. *Bailey*, 15 id. 178; *Rigor* v. *Frye*, 62 id. 507.

The description in all the deeds relied upon as color of title is like that in *Wray* v. *Railroad Co.* 86 Ill. 424.

When a part of a tract is reduced to actual use under a deed, the possession will be co-extensive with the description of the land in the deed. *Scott* v. *Delaney*, 86 Ill. 146.

The authorities require that the color of title shall describe and define the land. Sedgwick & Wait on Trial of Land Titles, (12th ed.) sec. 767, and cases cited; 33 Ohio St. 404.

In *Chandler* v. *Spear*, 22 Vt. 405, it is said that precise boundaries are allowed to take the place of a fence.

Mr. Justice Shope delivered the opinion of the Court:

Appellee brought ejectment to recover the whole of lot 6, block 29, of the platted town of Illinois, etc. Appellant (defendant) pleaded the general issue, and a further plea

denying that it was in possession of or claimed any interest or title in so much of said lot 6 as lies east and north of a line parallel with and fifty feet distant from the center line of the right of way of the St. Louis, Alton and Terre Haute Railroad, being a diagonal strip of said lot, fourteen feet wide fronting on Brady street, and forty-three feet in width on the alley in the rear of said lot. A jury was waived, and trial had by the court, by consent. The court found the defendant guilty of unlawfully withholding from the plaintiff all that part of said lot 6 "lying on the north-east side, and having a front on Brady street of forty-six feet and a width on the alley in the rear of seventeen feet, being that part of said lot not included in the plea of disclaimer filed herein." It is thereupon adjudged that the plaintiff recover from the defendant possession of "said premises."

It seems impossible to tell, with any degree of accuracy, what premises the defendant was adjudged to be guilty of withholding. If, however, the words "north-east side" mean on the north-east side of the railroad track, and not the north-east side of the lot, it may be sufficiently definite to be identified, and it may be presumed, although it is nowhere shown, that the lot has a sixty feet frontage on Brady street and the alley in the rear, and that the forty-six feet on Brady street and seventeen feet on the alley coincide with that part of the lot the possession of which was not disclaimed.

The plaintiff, to maintain the issues, introduced in evidence a deed from Jane E. Lewis and others, conveying lots 6 and 7, block 29, in the town of Illinois, county of St. Clair, etc., dated October 3, 1862; also a deed from Neere Valle and wife to said grantors, dated October 31, 1856, and a deed from the master in chancery of St. Clair county, Illinois, dated June 30, 1859. It was shown that in 1866 plaintiff took possession under her deed, and enclosed lots 6 and 7, except a strip twenty-five feet wide lying between the fence and railroad track, as then situated, as we understand the record; that

17—147 Ill.

about the same time she built a house on the lots, which was subsequently burned, and a house was thereafter erected by her on each of the lots. It is shown that she claimed to own said lots under her deed from Lewis and others. It appears, also, that about twelve years before the trial of the cause appellant constructed a track over the strip so left outside of the plaintiff's enclosure, close up to the fence, and has since used it in connection with its road.

The St. Louis, Alton and Terre Haute Railroad Company, an Illinois corporation, as shown, by certain *mesne* conveyances, admittedly valid, has succeeded to all the property, lands and right of way of the Bellêville and Illinoistown Railroad Company. It appears, and is not controverted, that prior to the purchase of the lot by the plaintiff, the Belleville and Illinoistown railroad ran across the south-west corner of said lot. As early as 1863, practically three years before the plaintiff took possession, and ever since, the railroad track and embankment has occupied at that corner from five to seven feet of said lot 6. It is not probable, from the evidence, that the track was removed after the purchase by plaintiff. The record is so made up that it is impossible to tell the relative situation of the objects described by witnesses, so that much of the evidence is absolutely unintelligible. But it seems clear that long before plaintiff attempted to enclose the lot, a small part of the south-west corner of said lot 6 was in the actual occupancy of the railroad company, by its track, ties and embankment. Such possession has been open, notorious and under claim of title since the determination of the condemnation proceedings, November 24, 1855, instituted by the Belleville and Illinoistown Railroad Company, to condemn right of way over and across said lot 6. For over twenty-seven years after plaintiff took possession of her lots she acquiesced in such possession by the defendant and its grantors. Actual possession of land for twenty years by one claiming title, as against the world, constitutes a bar to the claims of others not falling within

exceptions of the statute, and no color of title is necessary to sustain the defense of twenty years limitation, under the statute. *Bride* v. *Watt,* 23 Ill. 507; *Hubbard* v. *Stearns,* 86 id. 35; *Weber* v. *Anderson,* 73 id. 439; *Kerr* v. *Hitt,* 75 id. 51; *Lavalle* v. *Strobel,* 89 id. 370.

Plaintiff having shown color of title and actual possession of part of the lot, seeks to extend her possession over the portion of the lot not included within her enclosure. The doctrine that when a party enters under claim and color of title, his or her possession is to be deemed co-extensive with the description in the deed under which the entry is made, does not apply to such of the described tract as may, at the time, be in the actual occupancy of another. *(Goewey* v. *Urig,* 18 Ill. 238.) Moreover, the continued occupation of the land by the defendant and its grantors as right of way for its road for over twenty years, they exercising control over it and using it during that period, would constitute a bar to a recovery by the real owner. *(James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554.) The judgment finds that the defendant has unlawfully withheld from the plaintiff the portion of the southwest corner of lot 6 thus shown to have been in the actual occupancy of the defendant and those under whom it claims. This was manifestly erroneous, *(East St. Louis* v. *Hackett,* 85 Ill. 382,) and necessitates a reversal of the judgment.

In the present imperfect condition of the record we expressly refrain from passing upon the other errors assigned.

The judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*