WARREN COLE *et al.*

*v.*

JAMES MCLAUGHLIN.

*Opinion filed December 22, 1897.*

EJECTMENT—*ejectment judgment should follow the verdict.* A general ejectment judgment that the plaintiff recover possession of the whole of the premises described in the declaration is erroneous, where the verdict is special, authorizing the plaintiff to recover a part, only, of the premises described.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

EDWARD ROBY, for plaintiffs in error.

P. McHUGH, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of ejectment, brought by the defendant in error against the plaintiffs in error. The premises are described in the declaration, as lot 12, in block 71, in the subdivision of sections 5 and 6, township 37, north, range 15, east.

The verdict rendered by the jury is as follows: "We, the jury, find the defendants guilty of unlawfully withholding from the plaintiff the possession of the premises described as follows: Commencing at the south-east corner of the brick building known as No. 9144 Commercial avenue in Chicago, Cook county, Illinois; thence north two feet and one-quarter of an inch to the north line of said lot 12, in said declaration described; thence west, on the north line of said lot, eighty-five feet, to the west line of the west wall of said brick building; thence south one foot nine inches and seven-eighths of an inch, to the south line of the south wall of said brick building; and thence east, along the south line of the south wall of said

building, so as to include any chimney projection on the south side of said wall, to the place of beginning; the same being part of the premises described in the plaintiff's declaration; and the right to possession to the property in question is in the plaintiff in fee simple."

The judgment rendered by the court is as follows: "This cause coming on to be heard upon the defendant's motion for a new trial, after arguments of counsel and due deliberation by the court said motion is overruled and a new trial denied.  Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendants the possession, in fee simple, of that certain parcel or tract of land, with the appurtenances thereon belonging, situate in the city of Chicago, county of Cook and State of Illinois, known, designated and described as follows, to-wit:   Lot 12, in block 71, in the subdivision of sections 5 and 6, township 37, north, range 15, east of 3d P. M., and that a writ of possession do issue therefor, and that the plaintiff do have and recover of and from the defendants his costs and charges in this behalf expended, and have execution therefor."

This judgment is erroneous.  The verdict is a special verdict, finding that the defendants are guilty of unlawfully withholding from the plaintiff the possession of a part of the premises described in the declaration.  The judgment, however, is a judgment that the plaintiffs recover from the defendants the possession of the whole of the premises described in the declaration.  In other words, the judgment is a general judgment for all of the premises, while the verdict is a special verdict for a part of the premises.

The fifth paragraph of section 30 of the Ejectment act provides that, "if the verdict be for a part of the premises described in such declaration, the verdict shall particularly specify such part, as the same shall have been proved, with the same certainty hereinbefore required in the description of the premises claimed." (1 Starr & Cur.

Ann. Stat. p. 987). Section 32 of the same act provides, that "in cases where no other provision is made, the judgment in the action, if the plaintiff prevail, shall be, that the plaintiff recover the possession of the premises, according to the verdict of the jury, if there was such verdict," etc. It is manifest that, here, the judgment is not, that the plaintiff recover the possession of the premises according to the verdict of the jury, the verdict of the jury being for a part of the premises and the judgment being for the whole of the premises.

"The judgment in the action of ejectment should follow the verdict as a matter of course." (7 Ency. of Pl. & Pr. p. 349, and cases cited; *City of East St. Louis* v. *Hackett*, 85 Ill. 382; *Mapes* v. *Scott*, 94 id. 379).

Tyler, in his work on Ejectment, at page 584, says: "If the verdict, in the action of ejectment, is in favor of the plaintiff, for the premises in the declaration described, in general terms; the entry of the judgment is, that the plaintiff recover his term against the defendant, of and in the premises aforesaid. * * * But when the verdict is in favor of the plaintiff for a part only of the premises claimed in the declaration, and in favor of the defendant for the residue, the judgment is, that the plaintiff recover possession of the part found for him by the verdict; and as to the other part, that the defendants go thereof without day."

In *Marmaduke* v. *Tenant's Heirs*, 4 B. Mon. 210, the jury found the defendant guilty as to five-sevenths of the tract involved, and the court said: "The judgment is for the whole tract and is, therefore, as has been repeatedly decided by this court, unauthorized and erroneous."

In *Meraman's Heirs* v. *Caldwell's Heirs*, 8 B. Mon. 32, it is said: "The verdict finds the defendants guilty as to eleven out of thirteen parts of the land, * * * and the judgment is general, that the plaintiffs, the said children of L. Caldwell, recover their term, etc. In this, the judgment is erroneous. It should have followed the ver-

dict in designating the extent of the interest recovered by describing it as eleven-thirteenths of the premises, etc., or in such other terms as would clearly show its nature and extent."

For the error thus pointed out in the manner of rendering the judgment, the judgment is reversed, and the cause is remanded, with directions to render a judgment in conformity with the verdict, as herein indicated.

*Reversed and remanded.*