(No. 18638.—

HAL OSMONSON, Appellee, *vs.* R. R. BUCK *et al.* Appellants.

*Opinion filed June 23, 1928.*

CLARK, MUNTS & YOUNG, for appellants.

J. W. RAUSCH, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Grundy county in favor of plaintiff in ejectment. The cause was tried upon a declaration in ejectment for posses-

sion of the south 31.75 feet of lot 4 in Freeman's addition to the city of Morris, Illinois. On the day of the trial leave was granted appellee to file additional counts to the declaration, which additional counts described the south 30 feet of lot 4 lying immediately north of the south 12 feet of the lot, the possession of which was sought in said proceedings. The cause was tried by a jury, which found appellants guilty and appellee to be the owner in fee of the premises described in the declaration, and assessed appellee's damages at one cent. Motions for new trial and in arrest of judgment were overruled and judgment entered on the verdict. This judgment is the result of the second trial, the first trial having resulted in a verdict for appellee, which the court set aside under the statute.

Appellee contends that he on May 20, 1911, received a deed from Clyde E. Boyer and wife to lot 5 and the south 31.75 feet of lot 4 in Freeman's addition to Morris. He also introduced deeds showing conveyances of the property from John Buck and wife to W. L. Wainwright, and from Wainwright by direct conveyances to Boyer. Appellant R. R. Buck, who is a son of John Buck, claims title by twenty years' adverse possession and by deed from Susanna Buck to himself, dated August 23, 1911. He also claims that Susanna Buck obtained title by the will of John Buck.

The evidence shows that when Freeman's addition to the city of Morris was laid out, Northern avenue was laid out as a street 30 feet in width, extending east and west and lying immediately south of lot 5. This street has never been opened or used. A cokehouse and storehouse were constructed on Northern avenue. The deed from John Buck and wife to Wainwright conveyed "all of lot five (5) and the south thirty-one and 75/100 feet (31.75) of lot four (4) in Freeman's addition to Morris, (meaning hereby to convey a strip of land one hundred feet (100) front on Lincoln street, by two hundred (200) feet deep east and west)."

The original counts to the declaration sought to recover possession of the south 31.75 feet of lot 4, and the additional counts were so changed by interlineation as to show a claim of a right to recover a strip 30 feet wide north and south by 200 feet east and west of lot 4 lying immediately north of the south 12 feet of the lot, or, in effect, the south 42.75 feet of lot 4. The testimony showed that appellee had no title to and claimed no right to the possession of any part of said lot in excess of the south 31.75 feet. It is not here contended otherwise.

Counsel for appellee, before filing his brief in this court, filed a motion in the trial court, which he states is for the purpose of correcting a mistake, by interlineation, in the additional counts, asking that the trial court certify to this court the original and carbon copies of the additional counts. These were ordered certified to this court, together with a transcript of the evidence taken at the time of the presentation of said motion, showing that the changes by interlineation in the additional counts were not made by counsel for appellants, but that carbon copies thereof, when served on counsel for appellants, contained such changes, and that these were made in the handwriting of counsel for appellee. This evidence is not disputed. Under this showing the pleadings cannot be corrected as showing a mistake.

The first error assigned is that the judgment is for more land than that to which appellee's evidence shows him entitled. The additional counts to the declaration seek to recover possession of 10.25 feet of lot 4 lying immediately north of the south 31.75 feet of said lot, and the record shows that appellee has a deed for, and claims title to and right to the possession of, only the south 31.75 feet of the lot. There is no pretense that appellee owns and ought to recover all the land described in the declaration and for the recovery of which he had judgment. He concedes that the judgment follows the additional counts and calls for more of lot 4 than he owns or is entitled to. It is not in

this record, but appellee argues that this error is remedied by a quit-claim deed which he and his wife have executed to R. R. Buck and that he has filed a certified copy of said deed in this court. This court has no authority to go outside of the record brought up from the trial court. The judgment is manifestly for a greater quantity of land than appellee's evidence even tends to show him entitled to. A judgment in ejectment is not divisible. In any view that may be taken of the evidence the verdict and judgment can not be sustained, and it is therefore the duty of this court to reverse the same. (*City of East St. Louis* v. *Hackett*, 85 Ill. 382; *Peoria and Pekin Union Railway Co.* v. *Tamplin*, 156 id. 285.) This being so, it does not become proper to discuss other issues raised in the briefs.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*