103 Ill. App.3d 357 (1982)
431 N.E.2d 1334
CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, Trustee, Plaintiff-Appellee,
v.
JOHN C. WILSON, Defendant-Appellant.
No. 80-761.
Illinois Appellate Court  Second District.
Opinion filed January 27, 1982.
*358 Simon Stickgold, of Woodstock, for appellant.
James F. Bishop, of Bishop and Kelly, of Crystal Lake, and Gerald C. Heldrich, Jr., & Associates, of Chicago, for appellee.
Affirmed in part and vacated in part.
JUSTICE HOPF delivered the opinion of the court:
This is a forcible entry and detainer action brought in the circuit court of McHenry County wherein the plaintiff sought to regain possession of a triangular parcel of land of approximately one-third acre, located between defendant's 21-acre and 30-acre parcels of land. The situation is best described by the following sketch:

*359 The trial court held that defendant John C. Wilson had failed to establish title by adverse possession or prescriptive easement. Consequently, the court held that plaintiff Continental Illinois National Bank & Trust Company had both title and a right to possession of the disputed property.
Defendant contends on appeal that title questions are beyond the scope of an action brought under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 2), which provides, in relevant part, that the person entitled to possession of land may be restored thereto when a peaceable entry is made and the possession is unlawfully withheld. In his answer the defendant alleged that he and his predecessors in title have had, and asserted unqualified and exclusive title to the parcel by adverse possession. Prior to trial the defendant moved the court to vacate its order setting the cause for trial, asserting in part that the plaintiff's complaint sought to establish title to the property in question. The plaintiff's answer to the defendant's motion to vacate stated that the purpose of its complaint was to establish which party was entitled to possession and not to determine the question of title.
Plaintiff holds the property in trust for the benefit of the Richmond Hunt Club. The club purchased the 401 acres of property from Valentine Christmann in 1974. Defendant Wilson acquired his premises by inheritance, having been born on the farm.
The present lawsuit was brought in 1980 when defendant constructed a diagonal barbed-wire fence across the triangular tract in question. Defendant testified that this fence replaced an earlier diagonal fence which had been located at the same place between the 1920's and early 1950's. In the early 1950's the defendant reached an agreement with Valentine Christmann, the plaintiff's predecessor in title, whereby the fence was removed so that Christmann could install a tile line across the triangular piece in order to drain his land. Apparently the agreement also allowed hunters from Christmann's hunt club to have access to defendant's woods for hunting purposes. In return defendant's cattle were allowed to pasture on Christmann's property and were given access to the hunting club's channel or water supply. During the period between the time of the agreement with Christmann and the construction of the fence in 1980 defendant used the triangular area for pasture rights, for access back and forth between the woods, and for the movement of livestock and vehicles. After acquiring the property in 1974 from Christmann, plaintiff continued the verbal agreement which Christmann had entered into and used defendant's land for hunting purposes. In April of 1980 defendant notified plaintiff that he was terminating the hunting privileges on his property and that he planned to erect a camping park on his land. *360 Defendant then proceeded to build the new fence on the same place the earlier fence had existed prior to being removed in the early 1950's.
The question before this court is whether a forcible entry and detainer action is appropriate when there is a serious title dispute. We conclude that it may be appropriate, but that title disputes cannot be determined in such a proceeding.
The distinctive and limited purpose of the Forcible Entry and Detainer Act is to supply a speedy remedy to permit persons entitled to possession of lands to be restored thereto. (Rosewood Corp. v. Fisher (1970), 46 Ill.2d 249, 263 N.E.2d 833.) In Rosewood, defendants were contract purchasers of property and answered plaintiff's forcible entry and detainer action with equitable defenses, contending, among other things, that the contracts were unconscionable. While the court limited its holding to consideration of the Act as applied to contract purchasers, it did hold that the defenses going to the validity and enforceability of the contract were germane to the purpose of the Act. In doing so the court stated that title can not be inquired into in a forcible entry and detainer proceeding:
"`Forcible Entry and Detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession.'" 46 Ill.2d 249, 255.
Title documents may be admissible for the limited purpose of establishing one's right to immediate possession of the premises. However, when admission of title documents will require an adjudication of contradictory claims to title, then such documents are not properly admitted. (Kitzer v. Rice (1967), 90 Ill. App.2d 72, 77, 234 N.E.2d 115.) Again, the sole issue to be decided by the court was possession, and possession is a quantum of estate far less than title. Hale v. Ault (1980), 83 Ill. App.3d 78, 83, 403 N.E.2d 635.
 1 Because forcible entry and detainer is a summary proceeding, the litigation is limited to the issue of who is entitled to possession of the property. While in some instances evidence of title may be shown for the purposes of showing the character or extent of possession, a serious title dispute is not properly decided in an action for forcible entry and detainer. Urbach v. Green (1957), 15 Ill. App.2d 186, 145 N.E.2d 808.
While the record also reveals the parties continually asserted that possession was the only issue before the court, it is equally clear that the defendant presented a case for adverse possession. In addition, the court's order specifically found that the plaintiff holds legal title to the property and that the defendant failed to establish title to the land by adverse possession.
Initially it would appear that a title dispute is inexorably tied in with *361 the forcible entry and detainer action, and that that action must fail. (Urbach v. Green.) We think not.
The plaintiff asserted that the defendant's adverse use of the property would establish only possession and not title ownership. This is incorrect. Section 1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 1 et seq.) provides for absolute title where there is 20 years' possession adverse to the claim of title by the true or paramount owner. The next effect of this adverse possession is the extinguishment of and divestiture of title in the paper title holder and the vesting of title in the adverse holder. East St. Louis & Carondelet Ry. Co. v. Nugent (1893), 147 Ill. 254, 35 N.E. 464.
The statute of limitations pertaining to adverse possession could only run against a person who would have a right to claim possession. In other words it could only be a bar against one who would have the right of entry into possession during this 20-year period.
 2 By asserting a defense of adverse possession, defendant in fact admits that during this 20-year period, the plaintiff, the paper title holder, had a superior right of possession.
In Goldblatt Brothers, Inc. v. Hoefeld (1936), 284 Ill. App. 31, 34-35, 1 N.E.2d 573, it is stated:
"The rule of law is well established that the question of title is not involved in an action of forcible entry and detainer. In a proceeding of this kind the right of possession to the property only is involved. * * * If the tenant holding over claims to have title to the property, he cannot be permitted to assert it in this form of action, but he must restore possession to the plaintiff, the tenant of the landlord, and place this tenant in status quo, and then in some proper proceeding assert his title. [Citation.]"
We do not pass upon the issue of whether or not defendant proved a case for adverse possession or easement by prescription, as such issues would be improperly brought in a forcible entry and detainer action, and that portion of the trial court's order is hereby vacated. Further, we vacate all findings of the trial court in this cause, except that which placed plaintiff in possession.
Although the parties expanded the scope of evidence that should properly be brought out in a forcible entry and detainer cause, the finding as to possession alone was proper and is hereby affirmed. This conclusion is not a bar to any claim of adverse possession, easement by prescription or other title related issues that may be brought in the future by the defendant in an appropriate proceeding.
Affirmed in part and vacated in part.
SEIDENFELD, P.J., and VAN DEUSEN, J., concur.