# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Naperville South Commons, LLC v. Nguyen*, 2013 IL App (3d) 120382

---

| | |
|---|---|
| Appellate Court Caption | NAPERVILLE SOUTH COMMONS, LLC, Plaintiff-Appellant, v. LIEN NGUYEN, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0382 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | July 18, 2013<br><br>August 27, 2013<br>August 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An order requiring plaintiff landlord to pay $54,000 in attorney fees to defendant tenant was not an abuse of discretion, since plaintiff was able to cross-examine the attorneys involved, certain partially redacted bills specified dates and times, and although defendant was not present at the hearing concerning defendant's first attorney, plaintiff did have an opportunity to cross-examine that attorney. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-LM-3022; the Hon. Mark Thomas Carney, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Daniel J. Kallan (argued), of Daniel J. Kallan Ltd., of Joliet, for appellant.

Kevin McQuillan (argued), of McQuillan Law Office, LLC, of Naperville, for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Justices Holdridge and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Naperville South Commons, LLC, a commercial landlord, brought a forcible entry and detainer action against a tenant, the defendant, Lien Nguyen, alleging that the tenant owed back rent. The circuit court found in favor of the tenant and ordered the landlord to pay attorney fees. The landlord appealed.

¶ 2                                    FACTS

¶ 3    The landlord filed a complaint in forcible entry and detainer against the tenant, alleging that the tenant owed back rent of $19,401.88. Prior to filing the complaint, the landlord served a five-day notice on the tenant pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010)). The action was based upon a shopping center lease signed on May 1, 2007. The tenant made her last rent payment in August 2010, and the complaint was filed in October 2010. A bench trial was begun in January 2011.

¶ 4    The registered agent and owner of the landlord, Masud Arjmand, testified that the tenant rented space in his commercial retail development. The tenant rented unit 117, where she operated a nail studio/salon. The 2007 lease provided for an initial monthly base rate of $1,703 and then increases in the third and fourth years to $2,889 and $2,976, respectively. However, the landlord did not make the rent increases due on May 1, 2009, nor May 1, 2010. Arjmand testified that this was not a lease modification, but just a temporary measure due to the poor economy. The tenant's base rent was increased to the 2010 contract rate ($2,976) in September 2010. Arjmand testified that he made that decision because the tenant's business looked like it had recovered. Arjmand also testified as to how the triple net charges and real estate taxes were charged to each unit. The tenant sent Arjmand a letter dated September 5, 2010, which stated that she was going to withhold rent until the dispute between the parties was resolved.

¶ 5    The tenant testified that she signed the 2007 lease. She worked for Arjmand from August 15, 2009, until May 30, 2010, as his office manager. The tenant further testified that she was behind in rent in June 2009, and she wanted to get out of the lease. Arjmand asked her to

stay, and he agreed to keep her rent at $1,703 per month until the plaza had 100% occupancy. She acknowledged that there was nothing in writing to document the new rent agreement. The tenant claimed that Arjmand actually owed her money because of overpayment of triple net charges.

¶ 6    At the close of all testimony, the tenant indicated that she was going to vacate her unit by the end of the month, July 2011, which the circuit court noted in its July 14, 2011, order. On November 18, 2011, the circuit court entered an order, without specific findings, concluding that the landlord had not proven by a preponderance of the evidence that the tenant owed any rent, utilities, common area expenses, taxes, or fees at the time of the five-day notice. The landlord did not file a timely notice of appeal, and its motion to file a late appeal was denied by this court.

¶ 7    Although the landlord did not file an appeal within 30 days of the November 18 judgment, the tenant did file a motion for fees, costs, and expenses on December 12, 2011. The circuit court found the motion to be collateral to the underlying action and denied the landlord's motion to strike or dismiss.

¶ 8    The landlord was given leave to file a petition for attorney fees, which he did. Paragraph 52 of the lease provided for attorney fees, costs, and expenses to the prevailing party–and each party maintained that it prevailed. The landlord argued that it prevailed because it was awarded possession of the premises, and on three occasions the tenant was ordered to pay sums of money for rent during the action. The tenant argued that she prevailed because there was no money due at the time of the five-day notice. The circuit court looked at two key issues: possession and rent. It found that the landlord had asked for possession, but there was never a judgment for possession. The tenant had voluntarily tendered possession, so the circuit court did not believe that the landlord prevailed on that issue. With respect to rent, the circuit court already determined that the landlord did not sustain his burden of proving that the tenant owed anything at the time of the five-day notice. Thus, the circuit court ruled that the tenant was the prevailing party and granted her petition for fees and costs. The circuit court entered judgment in favor of the tenant in the amount of $29,310 for fees and $2,077.22 for expenses, and reserved ruling on redacted fees.

¶ 9    As for the partially redacted fees, the circuit court entered a later order finding them to be reasonable, and ordered an additional fee award of $6,950 against the landlord and in favor of the tenant. Finally, the circuit court considered the fees of the tenant's prior attorney and found his fees to be fair and reasonable. The circuit court entered another order in favor of the tenant and against the landlord, in the amount of $15,723.50 on May 10, 2012. The next day, the landlord filed a notice of appeal, seeking review of the November 18 judgment on the complaint and all of the subsequent orders related to attorney fees.

¶ 10                                    ANALYSIS

¶ 11    As an initial matter, we must determine if we have jurisdiction to consider the November 18 judgment in favor of the tenant on the forcible entry and detainer complaint. The tenant argues that we lack jurisdiction over the November 18 judgment because the landlord did not file a timely notice of appeal or a timely motion to reconsider pursuant to section 2-1203 of

the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2010)). Although its motion for a late appeal was denied by this court, the landlord argues that the tenant's motion for fees and costs was a posttrial motion directed toward the underlying judgment pursuant to section 2-1203(a), and since it was filed within 30 days of the final ruling regarding attorney fees, it was timely for review of the November 18 judgment and all the attorney fee rulings. The tenant counters that the motion for fees and costs was not a postrial motion, so as to extend the 30-day time period, as it was not directed at the underlying judgment. The circuit court, in ruling on a motion to strike or dismiss the landlord's motion for fees, found that the motion was collateral to the underlying action and not a posttrial motion.

¶ 12    Illinois Supreme Court Rule 303 provides:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order, irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions." Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008).

¶ 13    A notice of appeal is a procedural device that, when timely filed in the circuit court, vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed, or modified. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163 (2011) (*GMC*). Once the notice of appeal is filed, the appellate court has jurisdiction and the circuit court no longer has jurisdiction. *GMC*, 242 Ill. 2d at 173-74. However, the circuit court retains jurisdiction after the notice of appeal is filed to determine matters collateral or incidental to the judgment. *GMC*, 242 Ill. 2d at 173-74. Thus, a circuit court has jurisdiction to entertain a motion for attorney fees filed within 30 days of the entry of a final judgment, whether the request is considered to be part of the original action or collateral to the original claim, even if there was a previously filed notice of appeal. *Herlehy v. Bistersky*, 407 Ill. App. 3d 878 (2010). A notice of appeal filed more than 30 days after the entry of a final judgment is insufficient to vest the appellate court with jurisdiction. *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 137 Ill. App. 3d 550 (1985).

¶ 14    A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation. *Berger v. Matthews*, 216 Ill. App. 3d 942 (1991). Clearly, there was no notice of appeal filed within 30 days of the November 18, 2011, judgment, which found in favor of the tenant on the forcible entry complaint. The question is, then, whether the motion for attorney fees, filed by the tenant within 30 days, was a posttrial motion directed against that judgment, so as to extend the time period of filing the notice of appeal. The tenant sought fees under the provision in the lease allowing fees to the prevailing party. The motion was related to the underlying judgment, in that it gave her the basis to seek fees, but it did not challenge the findings in that judgment. We conclude that the tenant's motion for attorney fees was not a posttrial motion directed against the judgment, because claims for fees were collateral to the underlying action. See *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751 (1991); see also *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458 (1990) (a

-4-

motion for attorney fees as sanctions under section 2-611 of the Code of Civil Procedure was not a posttrial motion directed against the judgment). Thus, the motion for fees did not extend the time period for an appeal, and since the landlord failed to file a notice of appeal within 30 days of the judgment, we lack jurisdiction to review the underlying judgment on the complaint.

¶ 15 We do, however, have jurisdiction to review the attorney fee awards. The lease provided that, in the event of any action brought by either party under the lease, the prevailing party was entitled to recover costs and expenses, including attorney fees. The circuit court found that the tenant was the prevailing party and awarded fees accordingly. The landlord argued that it was the prevailing party because it obtained possession.

¶ 16 A party can be considered a prevailing party for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in his favor, or obtains some affirmative recovery. *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737 (1992). The construction of a lease's fee provision presents a question of law, which we review *de novo*. *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 403 Ill. App. 3d 234 (2010). The reasonableness of an award of fees by the circuit court is reviewed for an abuse of discretion. *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill. App. 3d 511 (2001).

¶ 17 The circuit court found that the landlord was seeking possession, but the tenant voluntarily tendered possession, so there was no judgment for possession. Thus, the landlord was not the prevailing party on that issue. The tenant was the prevailing party on the rent issue, which was the basis for the claim for possession, because the circuit court found that the tenant owed nothing at the time of the five-day notice. Since the landlord did not obtain judgment in its favor, and was not successful on any significant issue in the action, and the tenant prevailed in a substantial part of the litigation, we agree that the tenant was the prevailing party under the fees provision of the lease.

¶ 18 The landlord does not make any argument regarding the reasonableness of the initial fee award, thus we do not reach that issue. The landlord does argue that the circuit court abused its discretion in including the redacted portions of the tenant's fee petition, in the amount of $6,950, in the fee award, because the landlord could not effectively cross-examine redactions. In addition, the landlord argues that the circuit court abused its discretion in allowing the fees attributable to Sean Brady, the tenant's prior attorney, in the amount of $15,723.50, since the tenant was not present in court that day and could not be cross-examined.

¶ 19 Whether an award of attorney fees is reasonable is a matter of proof, and the party sought to be charged with such fees should be afforded an evidentiary hearing and ample opportunity to cross-examine as to the reasonableness of the amounts claimed and to present evidence in rebuttal. *6334 North Sheridan Condominium Ass'n v. Ruehle*, 157 Ill. App. 3d 829 (1987). The bills were presented, and the landlord had an opportunity to cross-examine the attorneys involved. The redacted bills were only partially redacted, so dates and times were apparent. Although the tenant was not present at the fee hearing for Mr. Brady, Mr. Brady was present and cross-examined by the landlord. Although the fees awards, which

totaled roughly $54,000, were significant, there was no showing of an abuse of discretion.

¶ 20                                    CONCLUSION
¶ 21          The judgment of the circuit court of Will County is affirmed.

¶ 22          Affirmed.