# Illinois Official Reports

## Appellate Court

---

### *Jaworski v. Skassa*, 2017 IL App (2d) 160466

---

| | |
|---|---|
| Appellate Court Caption | VIOLETTA JAWORSKI, Plaintiff-Appellant, v. DANUTA SKASSA, RICHARD FERRARI, ROBERT FERRARI, and PHILLIP FERRARI, Defendants (Danuta Skassa, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-16-0466 |
| Filed | February 1, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 15-CH-1411; the Hon. Paul M. Fullerton, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen Spiegel, of Hunt, Aranda & Subach, Ltd., of Bensenville, for appellant.<br><br>Robert P. Groszek, of Groszek Law Firm, of Chicago, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, Violetta Jaworski, appeals from the dismissal of her claim to quiet title to a garage in her condominium complex. She contends that her claim should not have been dismissed on *res judicata* grounds, as the prior action, initiated by defendant Danuta Skassa, did not result in a final judgment or decide the issue of ownership of the garage. Because defendant believes that plaintiff has filed this appeal for improper purposes, defendant asks this court to impose sanctions against plaintiff. For the reasons that follow, we affirm, but we deny defendant's request to impose sanctions.

¶ 2                                    I. BACKGROUND

¶ 3     Defendants Richard Ferrari, Robert Ferrari, and Phillip Ferrari developed the St. Charles condominiums in Bensenville, which complex is comprised of 24 condominiums and 25 garages. When the project was completed, Robert lived in unit 1H. Pursuant to the plat of survey and the declarations, Robert, as the owner of unit 1H, had use of garages 1H and 1HA.

¶ 4     Thereafter, unit 1H was conveyed to Regina Sokolowski. However, plaintiff, who lived in unit 2H, alleged that garage 1H was not conveyed to Sokolowski. On December 23, 2013, Sokolowski sold her property to defendant and her husband. On May 21, 2014, the Ferraris sold garage 1H to plaintiff for $6500. Approximately one year later, on May 7, 2015, defendant filed a forcible entry and detainer action against plaintiff, seeking possession of garage 1H.

¶ 5     At trial on the forcible entry and detainer action, plaintiff advised the court that "we have [a] dispute over garage space, to know who is the rightful owner of the garage space." In response, although defendant initially advised the court that the nature of the claim was "possession only for a garage space," she later indicated that "ownership is an issue."

¶ 6     The trial court entered judgment in defendant's favor. In doing so, the court noted that "what controls here legally is the plat of survey, which is incorporated into the deed." The court noted that "[i]t was never changed, by [plaintiff's] own admission, and that assigns garages designated by the letter to the condominium, also designated by that letter." Accordingly, "[defendant and her husband] are owners of Condominium H[, and] therefore, they are owners of both garages designated by letter H."

¶ 7     Although plaintiff was advised of her right to appeal, she filed neither a posttrial motion nor a notice of appeal in the forcible entry and detainer case. Rather, within one month after the court granted defendant possession of the garage, plaintiff filed a complaint to, among other things, quiet title to the garage. Defendant moved to dismiss that case, arguing that *res judicata* barred plaintiff's cause of action. See 735 ILCS 5/2-619(a)(4) (West 2014). The trial court granted the motion, and after the other counts in plaintiff's complaint were dismissed, this timely appeal followed.[1]

---

[1]Plaintiff filed a four-count amended complaint. In count I, plaintiff sued defendant to quiet title to garage 1H. Counts II through IV sought relief from the Ferraris. The court dismissed count I with prejudice on January 25, 2016, and the remaining counts were dismissed on May 24, 2016, in an order in which the court asserted that it retained jurisdiction to enforce the settlement agreement between plaintiff and the Ferraris. Plaintiff timely appealed on June 17, 2016. See *Director of Insurance v. A&A Midwest Rebuilders, Inc.*, 383 Ill. App. 3d 721, 725 (2008) (trial court's retention of jurisdiction to

## II. ANALYSIS

¶ 9 At issue in this appeal is whether the dismissal of plaintiff's action on *res judicata* grounds was proper. We are also asked to consider imposing sanctions against plaintiff for filing this appeal. We address each issue in turn.

¶ 10 The first issue we consider is whether the dismissal of plaintiff's action was proper. As noted, defendant moved to dismiss the action pursuant to section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2014)). A section 2-619(a)(4) motion to dismiss admits the legal sufficiency of a plaintiff's allegations but asserts that *res judicata* defeats the claim presented. *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008). *Res judicata* precludes the relitigation of claims previously decided if "(1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). We review *de novo* a dismissal pursuant to section 2-619(a)(4). *Morris B. Chapman & Associates v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶ 11 Plaintiff argues that *res judicata* should not bar her quiet title action, because there was no final judgment entered in the forcible entry and detainer action and the causes of action are not the same. We disagree.

¶ 12 First, there was a final judgment entered in the forcible entry and detainer action. Although, as plaintiff points out, forcible entry and detainer actions are summary proceedings to adjudicate a party's right to possession (see *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 255 (1970)), that does not mean that a judgment entered in a forcible entry and detainer action is not final (see *Naperville South Commons, LLC v. Nguyen*, 2013 IL App (3d) 120382, ¶ 14 (in appeal of final judgment entered in forcible entry and detainer case, court noted that "[a] final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation")).

¶ 13 Second, there is an identity of cause of action, as the question of ownership was at issue in both cases. Although ownership need not be decided in a forcible entry and detainer action, it may be considered. See *Rosewood*, 46 Ill. 2d at 254-55 (matters germane to possession may be raised in a forcible entry and detainer action); see also *Rodriguez v. Owaynat*, 137 Ill. App. 3d 1017, 1021-22 (1985) (ownership may be decided in a forcible entry and detainer action, as ownership can be germane to the issue of possession). This is especially true when a party's claim to possession is based on title. *Wood v. Wood*, 284 Ill. App. 3d 718, 726 (1996). Here, defendant's claim to possession in the forcible entry and detainer case was based on the fact that she claimed title to the garage. Accordingly, it was proper for the court in the forcible entry and detainer action to consider who had title to the garage. *Id.* The court in the forcible entry and detainer case concluded that defendant had title to the garage. Thus, because the issue of ownership was decided in the forcible entry and detainer action, it cannot be relitigated in this quiet title case. See *Hudson*, 228 Ill. 2d at 467 (*res judicata* bars issues actually decided in first action). The cases on which plaintiff relies are inapposite, as in those cases the issue of ownership was never resolved in the first action. See, *e.g.*, *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶¶ 13, 20. Given that all of the elements of *res judicata* are satisfied, we must conclude that plaintiff's claim to quiet title was properly dismissed on the basis of *res judicata*.

enforce a settlement agreement does not divest appellate court of jurisdiction to consider appeal in the case).

¶ 14    Citing *Continental Illinois National Bank & Trust Co. of Chicago v. Wilson*, 103 Ill. App. 3d 357 (1982), plaintiff challenges a trial court's ability to resolve questions of ownership in a forcible entry and detainer action. In *Wilson*, the court considered whether a serious title dispute could be resolved in a forcible entry and detainer action when title might have passed through, among other ways, adverse possession or easement by prescription. *Id.* at 360-61. Plaintiff's reliance on *Wilson* is misplaced, as the issue raised here is not whether the identity of the titleholder to the garage may be resolved in a forcible entry and detainer action, but rather whether a ruling on title in a forcible entry and detainer action bars a subsequent adjudication of title. If plaintiff wished to challenge the court's ability in the forcible entry and detainer action to resolve the issue of title, she should have raised those concerns in that case. She simply cannot challenge the court's conclusion there in this case seeking quiet title.

¶ 15    Plaintiff also argues that a determination regarding title to property rendered in a forcible entry and detainer action should not bar considerations of title in an action to quiet title because if it does, "a litigant who knowingly (or unknowingly) holds title to a piece of property via a fraudulently recorded deed or other instrument can gain title and possession to a piece of property from the rightful owner through the expedited proceedings for forcible entry and detainer actions." Not only is this contention forfeited, as plaintiff has not cited any authority for it (see *Chicago Title & Trust Co. v. Weiss*, 238 Ill. App. 3d 921, 927 (1992)), but nothing in the record before us even hints that defendant fraudulently obtained title to garage 1H.[2]

¶ 16    Given our conclusion that defendant's motion to dismiss based on *res judicata* was properly granted, we need not decide defendant's claim on appeal that issue preclusion also bars plaintiff's action to quiet title to the garage.

¶ 17    The next issue we address is whether this court should impose sanctions against plaintiff for bringing this appeal. Defendant asks this court to impose sanctions under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Plaintiff claims that she should not be sanctioned, as she has not denied defendant possession of the garage, she too wishes to resolve this claim expeditiously, and some case law supports her contentions on appeal.

¶ 18    Rule 375(b) allows us to impose an appropriate sanction if the appeal is frivolous, not taken in good faith, or taken for an improper purpose, such as to harass or cause unnecessary delay or needless increase in litigation costs. *Id.* "The purpose of Rule 375(b) is to condemn and punish the abusive conduct of litigants and their attorneys ***." (Internal quotation marks omitted.) *Gabuka v. Kurtz*, 2015 IL App (2d) 140252, ¶ 26. The imposition of sanctions under Rule 375(b) is discretionary. *Id.*

¶ 19    Here, although plaintiff's appeal proved unsuccessful, we cannot conclude that it is sanctionable. That is, we cannot say that the issues raised are devoid of arguable merit, that the appeal was brought in bad faith, or that plaintiff sought to harass, delay, or unnecessarily run up litigation costs by initiating this appeal. Therefore, we do not impose any sanctions under Rule 375(b).

---

[2]In so noting, we observe that, because *res judicata* is an equitable doctrine, it need not be applied where it would work an injustice. *Yorulmazoglu v. Lake Forest Hospital*, 359 Ill. App. 3d 554, 563 (2005). Here, there is no such injustice.

## III. CONCLUSION

For the above stated reasons, the judgment of the circuit court of Du Page County is affirmed, and defendant's request for sanctions is denied.

Affirmed.