# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Gurga v. Roth*, 2011 IL App (2d) 100444

---

| | |
|---|---|
| Appellate Court Caption | MARY S. GURGA, Plaintiff-Appellant, v. ELLEN D. ROTH, Defendant-Appellee (All Unknown Owners, Defendants). |
| District & No. | Second District<br>Docket No. 2-10-0444 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | October 14, 2011<br><br>December 28, 2011<br>December 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from a dispute over the ownership of a family home following the death of plaintiff's parents, the trial court erred in dismissing the complaint seeking to quiet title to the property in plaintiff, a surviving daughter, on the ground that the complaint was barred by *res judicata*, and the cause was remanded for further proceedings, since the issue of title was not decided in the forcible entry and detainer action filed by the life partner of a deceased daughter in her attempt to evict plaintiff, and even though summary judgment had been entered for the life partner in that proceeding, the trial court could still grant effectual relief, especially in view of the fact that the house had not been sold since plaintiff was evicted and a *lis pendens* remained of record. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-CH-5828; the Hon. Kenneth L. Popejoy, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Robert G. Black, of Law Offices of Robert G. Black, of Naperville, for appellant. |
| | David S. Adduce, Steven A. Koga, and Jason T. Johns, all of Kelly, Olson, Michod, DeHaan & Richter, LLC, of Chicago, for appellee. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Hutchinson and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1        On November 5, 2009, Ellen Roth filed an action in forcible entry and detainer to evict Mary Gurga from the home in which she resided. In response, Mary filed a claim to quiet title to the home. The actions were consolidated and Ellen filed a motion to dismiss Mary's claim. On April 15, 2010, following a hearing, the trial court granted Ellen's motion to dismiss with prejudice, unconsolidated the cases, and allowed the forcible entry and detainer action to proceed. On appeal, Mary argues that the trial court erred in dismissing her claim to quiet title. We reverse and remand for additional proceedings.

¶ 2                                 I. BACKGROUND

¶ 3        In 1981, Mary's parents, Eugene and Maria Gurga, purchased their family home at 204 North Adams Street in Westmont. Eugene and Maria had four children: Mary, Barbara, Theresa, and Zbigniew. Eugene died on August 13, 1997, and Maria died on February 19, 2009. Barbara died on November 27, 2007, unmarried and without descendants. In early January 2008, Ellen, Barbara's life partner, filed Barbara's will and a petition for probate in the circuit court of Cook County. Barbara's will named Ellen as the executor and sole beneficiary. The estate was opened and Ellen was named the independent administrator.

¶ 4        On March 5, 2008, notice that the estate was open and that Ellen was the independent administrator was served on Barbara's heirs, including Mary. The proper notices were also published. On the basis of a quitclaim deed dated September 30, 1996, and recorded October 7, 1996, transferring the Westmont property from Eugene and Maria to Barbara, Ellen recorded a release of interest on September 23, 2008, with the Du Page County recorder's office, transferring Barbara's interest in the home to herself as sole beneficiary. On February 13, 2009, a copy of the inventory and final accounting was served on Mary. The inventory listed the Westmont home as one of Barbara's assets. On March 13, 2009, the final report

of the probate estate was served on Mary. The notice stated that the heirs "shall have 42 days from the date of filing to object." No objections were filed and the estate was closed on April 28, 2009.

¶ 5        On November 5, 2009, Ellen filed a complaint in forcible entry and detainer to evict Mary from the Westmont home. On December 1, 2009, Mary filed a complaint to quiet title to the Westmont home. In that complaint, Mary alleged that her parents' desire was to leave the home to Barbara and Mary. Mary moved into the home in 1999 to provide care to her mother. She lived there continuously until her mother's death in 2009. On her deathbed, Barbara told Mary that the Westmont home would be hers. After Barbara died, Ellen commented that she now owned the Westmont home. In response, on December 24, 2007, Maria executed and recorded a deed placing the house in a land trust with Mary as the sole beneficiary. After Maria died, the home was taken out of trust and a trustee's deed was issued to Mary. That deed was recorded on August 10, 2009. Mary argued that the 1996 quitclaim deed was a mutual mistake of the parties to the deed. The intent was to have the property tax bills sent to Barbara's residence, not to convey the property to Barbara. In her three-count complaint, Mary sought a resulting trust for the property (count I), a declaration to quiet title (count II), and/or ownership by adverse possession by payment of taxes with color to title (735 ILCS 5/13-109 (West 2008)) (count III).

¶ 6        On December 2, 2009, the eviction proceeding was consolidated with the quiet title proceeding. On February 3, 2010, Ellen filed a motion to dismiss Mary's complaint pursuant to sections 2-619(a)(4) and (a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4), (a)(9) (West 2008)). Ellen argued that, because Mary failed to raise or litigate the issue of title to the Westmont home as part of the probate proceeding of Barbara's estate, her complaint was now barred by the doctrine of *res judicata*. In response to that motion, Mary argued that she could not have raised the issue of title in the Cook County probate proceeding, because the Westmont home was located in Du Page County. Mary argued that the venue statutes vested jurisdiction over such issues exclusively in the courts serving the county in which the land was located. Alternatively, Mary argued that the issue was not *res judicata* because the probate court had not made any determinations as to the competing claims to title. Rather, it had merely transferred any ownership interest that Barbara may have had to Ellen.

¶ 7        On April 15, 2010, following a hearing, the trial court granted Ellen's motion to dismiss Mary's complaint with prejudice. The trial court found:

"A Cook County probate court did make a determination of what proper title was and transferred that title.

    *** [Venue] needed to be raised at that time. I mean, what we do in probate court is deal with the superiority of claims and liens and what parties have interest to what. *** She had the ability to make a determination of the–of superiority of the claim or the ownership of the home. She chose not to do that at all.

    *** [Probate court] was clearly the place where she had an opportunity to contest the ownership of that home, the estate's interest in the home, the estate maybe had no interest at all in the home, according to what allegations you may have made one way or the

-3-

other, but nobody chose to contest it.

> *** I even sat down yesterday *** with our current probate judge and we walked through this. There's just absolutely no question. It's clearly *res judicata*. *** [Y]ou have no case law to support the *** conclusory allegations that you make about her failure to participate in Cook County probate proceedings deprives her only of the opportunity to contest how the Court dispensed whatever interest in the house was actually in the estate. No. No. She had an opportunity to contest the entire ownership interest of that home, she chose not to do so."

Accordingly, the trial court found that the elements of *res judicata* had been met: (1) the probate court had made a determination of title and the deed was entered; (2) there was an identity of the causes of action because the issue was the title to the home; and (3) the parties were identical in both actions. The trial court dismissed the complaint to quiet title with prejudice, unconsolidated the cases, and transferred the eviction case to another court for continued proceedings. Thereafter, Mary filed a timely notice of appeal.

¶ 8     On October 7, 2010, in the continued eviction proceeding, the trial court granted summary judgment in favor of Ellen, finding that Ellen was entitled to possession of the property. Mary filed a motion to stay the judgment of possession. On November 23, 2010, the trial court granted Mary's motion for stay conditioned upon Mary filing a bond in the amount of $22,899. However, Mary never posted the bond and on January 27, 2011, Mary was evicted. Mary did not appeal the judgment for possession.

¶ 9                                    II. ANALYSIS

¶ 10                          A. Motion to Dismiss This Appeal

¶ 11    At the outset, we note that Ellen filed a motion to dismiss this appeal, which this court ordered taken with the case. Ellen argues that, based on the final judgment in the eviction proceeding, this appeal is now moot and barred by both *res judicata* and collateral estoppel. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). Ellen argues that *res judicata* applies because there is not only a final judgment on the merits and an identity of parties, but also there is an identity of the causes of action in the eviction proceeding and the quiet title action. However, the general rule is that a judgment in an action for forcible entry and detainer cannot be pleaded as a bar to a suit to quiet title, because the questions involved in the two proceedings are not identical. *Neill v. Chavers*, 348 Ill. 326, 329-30 (1932); see also *Continental Illinois National Bank & Trust Co. of Chicago v. Wilson*, 103 Ill. App. 3d 357, 360 (1982) (holding that a serious title dispute is not properly decided in an action for forcible entry and detainer). In an action to quiet title, the question of title is involved, while in an action for forcible entry and detainer, the right to possession is involved. *Id.* Accordingly, Ellen's successful suit in forcible entry and detainer does not render the present suit barred by *res judicata*, because there is no identity of cause of action.

¶ 12    Ellen also argues that the appeal should be dismissed because it is barred by collateral estoppel. The requirements for the application of collateral estoppel are: (1) the issue decided

in the prior adjudication is identical to the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Gumma v. White*, 216 Ill. 2d 23, 38 (2005). As stated by our supreme court:

> "The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. [Citation.] The adjudication of the fact or question 'in the first cause will, if properly presented, be conclusive of the same question in the later suit' [citation], but 'the judgment in the first suit operates as an estoppel only as to the point or question *actually litigated* and determined and not as to other matters which might have been litigated and determined.' " (Emphasis in original.) *Housing Authority for La Salle County v. Young Men's Christian Ass'n of Ottawa*, 101 Ill. 2d 246, 252 (1984).

¶ 13    Ellen argues that Mary raised the issue of title to the property in the eviction proceeding by arguing, as an affirmative defense, that Ellen was not the owner. Ellen therefore argues that the issue of title was litigated in the eviction proceeding. We disagree. There is no indication in the record provided by Ellen that there was a determination of title in the eviction proceeding. The trial court's October 7, 2010, order found only that Ellen was entitled to possession of the property. There was no finding that Ellen had a superior claim of title. Furthermore, the record before us does not affirmatively indicate why the trial court granted Ellen's motion for summary judgment in the eviction proceeding. The record suggests, however, that it was granted based on the ruling, in Mary's quiet title action, that any claim she had to title was barred by the doctrine of *res judicata* because she failed to raise the issue in the probate proceeding. By giving due deference to the trial court's finding of *res judicata* in the quiet title action, the trial court in the eviction proceeding similarly did not actually decide the issue. Accordingly, because the issue of title was not decided in the forcible entry and detainer action, Ellen's claim that the present appeal is barred by collateral estoppel necessarily fails.

¶ 14    Finally, we disagree with Ellen's contention that this court cannot grant any effectual relief. We note that an appeal is moot when it involves no actual controversy or the reviewing court cannot grant any effectual relief. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). In the present case, an actual controversy still exists. The action in forcible entry and detainer did not resolve the question of proper title to the subject property. Although Mary has already been evicted, this court can still grant effectual relief. If Mary's claim to quiet title was improperly dismissed, it can be remanded for further proceedings. Should Mary be successful on remand and her action to quiet title be resolved in her favor, she can still obtain proper ownership rights in the home. The house has not been sold since she was evicted, and a *lis pendens* remains filed of record. Based on the foregoing, we deny Ellen's motion to dismiss the present appeal.

B. Arguments on Appeal

¶ 16        On appeal, Mary first argues that she could not have raised her claim to quiet title in the probate proceeding because the probate court of Cook County could not determine proper title to real estate located in Du Page County. Mary relies on section 2-103(b) of the Code (735 ILCS 5/2-103(b) (West 2008)), which provides:

> "(b) Any action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, must be brought in the county in which the real estate or some part of it is situated."

Nonetheless, probate courts are courts of general jurisdiction and are empowered to hear and decide all justiciable matters. *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 251 (2006). Section 16-1 of the Probate Act of 1975 (the Probate Act) (755 ILCS 5/16-1 (West 2008)) allows a party to file a citation on behalf of the estate to recover property and discover information. A trial court, in such proceedings, is authorized to determine all questions of title, claims of adverse title, and rights to property and may enter such orders and judgments as the case may require. *In re Estate of Denler*, 80 Ill. App. 3d 1080, 1091-92 (1980). Accordingly, Mary's claim that the Cook County probate court lacked the power to make a determination as to title, because it was the wrong venue, is without merit.

¶ 17        Mary next argues that the trial court erred in finding her claim to quiet title barred by the doctrine of *res judicata*. *Res judicata* is an equitable doctrine designed to prevent multiple lawsuits between the same parties where the facts and issues are the same. *Murneigh v. Gainer*, 177 Ill. 2d 287, 299 (1997). *Res judicata* should be applied only as fairness and justice require. *Id.* Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Rein*, 172 Ill. 2d at 335. *Res judicata* bars not only what was actually decided in the first action but also whatever could have been decided. *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 659 (1988). Whether a claim is barred by *res judicata* comprises a question of law, which we review *de novo*. *Matejczyk v. City of Chicago*, 397 Ill. App. 3d 1, 7 (2009).

¶ 18        We find that it would be fundamentally unfair to bar Mary's claim to quiet title on the basis of *res judicata*. It is true that Mary could have filed a complaint to quiet title within the probate proceeding. See *Denler*, 80 Ill. App. 3d at 1091-92; see also *City of Chicago v. Midland Smelting Co.*, 385 Ill. App. 3d 945, 976 (2008) (beneficiary of land trust has power to direct trustee to deal with issues of title). However, it is less clear whether she had an absolute duty to do so. Mary's claim to title was through a separate trust deed executed by her mother. Mary's claim to title was not through or as an heir of Barbara's estate. In addition, the record is unclear as to when Mary became aware of the 1996 quitclaim deed.

¶ 19        Furthermore, Ellen also could have filed an action for possession or an action to determine title in the probate case. Before the estate was opened, the deed transferring the house into the land trust had been recorded. Thus, the cloud on title to the home existed when Barbara's estate was opened. Section 20-1(a) of the Probate Act states that an administrator of an estate "may maintain an action for the possession of or to determine the title to real

estate, except that no action to determine the title to real estate may be commenced without authorization of the court which issued his letters." 755 ILCS 5/20-1(a) (West 2008). However, Ellen never filed an action for possession or requested that the probate court make a determination as to the competing title interests between the parties.

¶ 20    If Ellen had actually filed an action for possession or to determine title in the probate case, and had Mary failed to participate in those proceedings despite notice, then Mary's claim to quiet title would clearly be barred by *res judicata*. However, that is not the case here. In this case, Mary's competing claim to title was not through or as an heir of Barbara's estate. Consequently, it would be inequitable to bar Mary's claim to quiet title because she failed to raise the issue in the probate proceeding when Ellen also failed to raise the issue of title in the probate proceeding. We therefore hold that the trial court erred in granting Ellen's motion to dismiss and in finding Mary's complaint to quiet title barred by the doctrine of *res judicata*.

¶ 21                                      III. CONCLUSION

¶ 22    For the foregoing reasons, the judgment of circuit court of Du Page County is reversed, and the cause is remanded for additional proceedings.

¶ 23    Reversed and remanded.