NOTICE
Decision filed 06/16/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200235-U

NO. 5-20-0235

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CARROLLTON BANK, an Illinois bank, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Marion County. |
| | ) | |
| v. | ) | No. 19-CH-87 |
| | ) | |
| PAUL SCHROEDER, Trustee of the Schroeder Family Trust, DAVID H. SCHROEDER, Independent Administrator of the Estate of William A. Schroeder, Deceased, UNKNOWN OWNERS, and UNRECORDED CLAIMANTS, | ) ) ) ) ) | |
| | ) | Honorable |
| | ) | Jeffrey A. DeLong, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justice Vaughan concurred in the judgment.
Justice Cates dissented.

**ORDER**

¶ 1    *Held*:   In a foreclosure action involving real estate located in Marion County that allegedly secured debts that were at issue in a pending probate case in Jackson County, the trial court had the authority to transfer the case to Jackson County on the basis of *forum non conveniens*. Jackson County was an alternative venue for the foreclosure proceeding where the status of the indebtedness secured by the mortgage was a central issue in both the foreclosure case and the probate case and where venue in the probate case was proper in Jackson County.

¶ 2    This case involves a complaint for foreclosure on real property located in Marion County. The plaintiff, Carrollton Bank, alleged that the mortgage on that property secured debts guaranteed by the decedent, William A. Schroeder. Those debts are also at issue in a pending probate case in

1

Jackson County, as is the status of the mortgage. The plaintiff filed its complaint for foreclosure in Marion County. The defendants—the independent administrator of the decedent's estate and the trustee of a family trust that owns the Marion County property—moved to transfer the case to Jackson County on the basis of *forum non conveniens*. They argued that the interests of justice would be better served by trying the case in Jackson County because the issues in the foreclosure case and the probate case are closely intertwined. The court granted the motion. The plaintiff appeals, arguing that (1) venue in a mortgage foreclosure action is proper only in the county in which the real estate is situated—Marion County in this case; and (2) the doctrine of *forum non conveniens* is inapplicable where venue is only proper in one forum. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The decedent died on August 28, 2016. A probate case was opened in Jackson County shortly thereafter. On February 8, 2017, the plaintiff filed a claim against the estate in the amount of $632,961. The plaintiff alleged that the debt represented amounts due on promissory notes involving loans to a company called WAAL Investments that were personally guaranteed by the decedent. On August 7, 2018, the probate court allowed the claim.

¶ 5    On August 26, 2019, the Jackson County circuit court entered judgment in a separate foreclosure action involving Jackson County property owned by the decedent or a related entity. That action involved the same indebtedness involved in both this case and the plaintiff's claim against the estate. The court's order confirmed the sale of the Jackson County property and included a deficiency judgment in the amount of $246,238.

¶ 6    On November 18, 2019, David H. Schroeder, as independent administrator of the estate, sent the plaintiff a written demand for documents releasing the mortgage on the Marion County

2

property. The defendants in this case assert that the debt secured by the mortgage has been fully satisfied.

¶ 7    On December 17, 2019, the plaintiff filed the foreclosure action at issue in this appeal in Marion County. The property at issue, as previously mentioned, is now owned by a family trust. The plaintiff named as defendants the trustee of the Schroeder Family Trust, Paul Schroeder, and the independent administrator of the decedent's estate, David H. Schroeder, along with unknown owners and unrecorded claimants. The plaintiff alleged that the mortgage secured the remaining debt on the promissory notes guaranteed by the decedent and reflected in the Jackson County deficiency judgment, along with interest on that judgment. The Jackson County deficiency judgment was attached to the complaint as an exhibit.

¶ 8    On January 13, 2020, the defendants in this case filed in the Jackson County probate case a petition for citation to recover release of the mortgage on the Marion County property involved in this case. They alleged that the debts secured by that mortgage had been satisfied.

¶ 9    On January 31, 2020, the defendants filed a motion to transfer in this case based on the doctrine of *forum non conveniens*. They argued that although the real estate is located in Marion County, the case involves the same legal and factual questions that are involved in the Jackson County probate case and that Marion County has little connection to the dispute. They further argued that, as such, the interests of justice would be better served by trying both cases in Jackson County.

¶ 10    In response, the plaintiff filed a memorandum in opposition to the motion for transfer. The plaintiff argued, as it does on appeal, that venue is not proper outside of Marion County because the real estate at issue is situated in Marion County. See 735 ILCS 5/2-103(b) (West 2018).

¶ 11    On July 15, 2020, the Marion County court entered an order transferring the case to Jackson County on the basis of *forum non conveniens* "unless the parties agree to stay this proceeding pending [the] outcome of [the] Jackson County litigation." In support of this ruling, the court found that numerous issues involving the Marion County property at issue in this case were also pending in the probate litigation in Jackson County. The court further found that "the public and private rights" favored transfer to Jackson County. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    *Forum non conveniens* is a flexible doctrine founded in principles of fundamental fairness and judicial economy. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 14. It allows a court to decline jurisdiction over a case that is properly before it if "trial in another forum 'would better serve the ends of justice.' " *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006) (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). Trial courts are vested with considerable discretion in determining whether transfer on the basis of *forum non conveniens* is appropriate. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002).

¶ 14    The plaintiff argues that under the applicable venue statute, venue for its foreclosure action in this case is only proper in Marion County. See 735 ILCS 5/2-103(b) (West 2018). The plaintiff further argues that the doctrine of *forum non conveniens* cannot be applied unless there is more than one forum having venue under our venue statutes. This is so, the plaintiff contends, because the doctrine "starts with the premise that there is more than one forum having jurisdiction and venue." See *Superior Structures Co. v. City of Sesser*, 277 Ill. App. 3d 653, 657 (1996).

¶ 15    In response, the defendants argue that once the foreclosure action was properly filed in Marion County, it could be tried elsewhere if there is a legal basis for doing so. In support of this proposition, they cite section 2-108 of the Code of Civil Procedure, which provides as follows:

4

"All actions shall be tried in the county in which they are commenced, except as otherwise provided by law." 735 ILCS 5/2-108 (West 2018). The defendants argue that a transfer based on the doctrine of *forum non conveniens* falls within this exception. The defendants do not address the two issues raised by the plaintiff—whether there is a basis for venue in Jackson County in this case, and, if not, whether the court has the authority to transfer the case anyway. For the reasons that follow, we find that under the unique circumstances of this case, Jackson County was a proper alternative forum in which to resolve this matter. We therefore agree with the defendants that the court had the authority to transfer the case.

¶ 16    Here, there is no question that the plaintiff properly filed its complaint in Marion County, as required by statute. See *id.* § 2-103(b) (providing that foreclosure actions "*must* be brought in the county in which the real estate or some part of it is situated" (emphasis added)). Compliance with this requirement allowed all proper notices to be filed in that county. See *id.* §§ 2-1901, 15-1503. Thus, any other potential claimants had the opportunity to assert and litigate their claims in Marion County. Neither party alleges that any such claimants exist. The question before us in this case is whether the action must be tried in Marion County or whether, under the circumstances of this case, the doctrine of *forum non conveniens* may serve as a basis for transfer.

¶ 17    In answering this question, the first issue is whether Jackson County constitutes an alternative forum for this proceeding. To resolve that issue, we look to the Probate Act of 1975, which provides, in relevant part:

> "When the will of a testator is probated or when the estate of a decedent *** is administered in this State, the probate or the administration shall be in the court of the county determined as follows:
>
>> (a) In the county where he has a known place of residence;

(b) If he has no known place of residence in this State, in the county in which the greater part of his real estate is located at the time of his death; or

(c) If he has no known place of residence and no real estate in this State, in the county where the greater part of his personal estate is located at the time of his death." 755 ILCS 5/5-1(a)-(c) (West 2018).

Here, there is no dispute that the probate action was properly filed in Jackson County pursuant to this statute.

¶ 18    Likewise, there is no dispute that the probate court has the authority to "determine all questions of title, claims of adverse title[,] and the right of property and [the court] may enter such orders and judgment as the case requires." *Id.* § 16-1(d). This includes the authority to determine issues related to interests in real estate in other Illinois counties. See *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶ 16. Moreover, because the circuit courts of Illinois are courts of general jurisdiction with the power to hear all justiciable questions, the Jackson County court also has jurisdiction to rule on the mortgage foreclosure case. See Ill. Const. 1970, art. VI, § 9. Thus, the Jackson County probate court has jurisdiction to consider the issues involving the Marion County real estate which, as noted previously, have been raised in both cases.

¶ 19    In addition, one of the key questions in the Marion County foreclosure action is whether the Jackson County deficiency judgment has been fully satisfied, thereby precluding foreclosure on the Marion County property. A similar question regarding the deficiency judgment is at issue in the Jackson County probate case. Under the explicit language of the Probate Act, the Jackson County court has the authority to resolve the questions regarding the deficiency judgment and the parties' rights in the Marion County property even though the property is not located in Jackson County. See 755 ILCS 5/16-1(d) (West 2018); *Gurga*, 2011 IL App (2d) 100444, ¶ 16. As stated

6

previously, Jackson County is a proper venue for the probate proceedings—which include the issues surrounding the deficiency judgment and the indebtedness secured by the Marion County property. Under these unique circumstances, we find that Jackson County is a proper venue in which to resolve these claims.

¶ 20    We next consider whether the venue statute requiring that the foreclosure action be brought in Marion County also requires it to be tried there. See 735 ILCS 5/2-103(b) (West 2018). This turns on whether a foreclosure proceeding is an "*in rem*" proceeding, inextricably tied to the land involved, or a personal claim. Our supreme court has held that foreclosure proceedings are "*quasi in rem*" proceedings. See *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 535 (2010). An *in rem* proceeding is an action to enforce rights to a piece of property that operates under the legal fiction that the property itself may be found liable to the complaining party, and the property is therefore treated as the defendant. *Id.* at 532-33. A "*quasi in rem*" proceeding, by contrast, is a proceeding against a named party. Although it involves rights in a property, a "*quasi in rem*" proceeding is nevertheless "personal in nature." *Id*. at 535. In a mortgage foreclosure action, the mortgagor is the "instrumentality of the wrong," not the property, because the mortgagor is alleged to have "breached the contract by defaulting on the note secured by the mortgage." *Id*. at 536. Because a mortgage foreclosure action is "*quasi in rem*" and is, therefore, personal in nature, it can be transferred to another proper forum, if one exists. Here, we have already found that the Jackson County court has both venue and jurisdiction to decide the particular claims raised in this case. For these reasons, we conclude that the Marion County court had the authority to transfer the case to Jackson County. We note that, because we find that both jurisdiction and venue are proper in Jackson County, we need not address the plaintiff's arguments

7

concerning the applicability of the *forum non conveniens* doctrine in cases that do not involve proper venue in multiple counties.

¶ 21    Having concluded that the court had authority to transfer the matter to Jackson County, we note that ruling on a motion to transfer based on *forum non conveniens* also requires the trial court to balance various private and public interest factors. See *Fennell*, 2012 IL 113812, ¶¶ 15-17. It is the defendant who bears the burden of demonstrating that the plaintiff's chosen forum is inconvenient and that these factors strongly favor transfer. *Id.* ¶¶ 17, 20. However, neither party addresses the forum factors, and the plaintiff does not contend that the trial court abused its discretion in the way it balanced the factors. As such, we need not resolve that question. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that arguments not raised in an appellant's brief are forfeited).

¶ 22                                III. CONCLUSION

¶ 23    For the reasons stated in this order, we affirm the ruling of the trial court transferring venue to Jackson County.


¶ 24    Affirmed.


¶ 25    JUSTICE CATES, dissenting:

¶ 26    I agree that the question of whether the deficiency judgment had been satisfied was a central issue in both the mortgage foreclosure case in Marion County and the probate case in Jackson County. I do not agree with the majority's view that the mortgage foreclosure case is subject to transfer to Jackson County under the doctrine of *forum non conveniens*. The applicable venue statute directed that the foreclosure case be brought in Marion County. Because there was no other venue where the foreclosure case could have been brought at the time the case was filed,

8

the doctrine of *forum non conveniens* was not applicable. Instead, as suggested by the Marion County circuit court, the parties could have requested a stay of the foreclosure proceedings in the Marion County case pending a resolution of the deficiency judgment issues in the Jackson County probate case. A stay of the foreclosure case could serve the principles of comity and judicial economy and prevent the possibility of inconsistent judgments, while maintaining the foreclosure action in its proper venue—Marion County. After reviewing the record, I find that the Marion County circuit court erred in transferring the foreclosure case to Jackson County. I would vacate that order and remand the case for further proceedings. Accordingly, I respectfully dissent.

¶ 27    This case involves a complaint for foreclosure, filed in Marion County, on real property located in Marion County. The plaintiff, Carrollton Bank, alleged that the mortgage on the Marion County property secured debt guaranteed by the decedent, William A. Schroeder. The same debt is at issue in the probate case pending in Jackson County. There, the estate claimed that a deficiency judgment, reflecting the remaining debt secured by the Marion County mortgage, had been fully satisfied. The defendants in the pending foreclosure case—David Schroeder, the independent administrator of the decedent's estate, and Paul Schroeder, the trustee of a family trust that owns the Marion County property—moved to transfer the foreclosure case to Jackson County based upon the doctrine of *forum non conveniens*. The defendants argued that the interests of justice would be better served by having the probate court in Jackson County decide the issues related to the mortgage foreclosure because the foreclosure case and the indebtedness of the decedent's estate were closely intertwined. In response, the plaintiff argued that venue in a foreclosure action is only proper in the county where the real estate is located, and that the doctrine of *forum non conveniens* is inapplicable when venue is proper only in one county.

¶ 28    The Marion County circuit court granted the defendants' motion to transfer. The court found that there were many issues involving the same parties and the Marion County property pending in Jackson County, and that while venue of the case was proper in Marion County, "the public and private rights favor transfer of the case to Jackson County." The court ordered that the defendants' "motion to transfer based on *forum non conveniens* is granted unless the parties agree to stay this proceeding pending [the] outcome of [the] Jackson County litigation."

¶ 29    *Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine allows a trial court to decline jurisdiction when trial in another forum " 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). A trial court is afforded considerable discretion when ruling on a *forum non conveniens* motion, and the court's decision will not be reversed absent an abuse of discretion. *Langenhorst*, 219 Ill. 2d at 441-42.

¶ 30    On appeal, the plaintiff argues that under the applicable venue statute, venue for its mortgage foreclosure action is only proper in Marion County, citing section 2-103(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2-103(b) (West 2018)). The plaintiff further argues that the doctrine of *forum non conveniens* cannot be applied unless there is more than one forum with proper venue.

¶ 31    In response, the defendants argue that once the foreclosure case was properly filed in Marion County, it could be tried elsewhere if there was a legal basis for doing so, and cite section 2-108 of the Code (735 ILCS 5/2-108 (West 2018)) in support of their argument. Section 2-108 provides as follows: "All actions shall be tried in the county in which they are commenced, except as otherwise provided by law." 735 ILCS 5/2-108 (West 2018). The defendants assert that a

transfer based on the doctrine of *forum non conveniens* falls within this exception. As noted by my colleagues, the defendants have not addressed the two issues raised by the plaintiff, *i.e.*, whether there was a basis for venue of the foreclosure case in Jackson County in this case, and, if not, whether the circuit court had the authority to transfer the case anyway.

¶ 32 Section 2-103(b) of the Code provides that foreclosure actions "*must* be brought in the county in which the real estate or some part of it is situated." (Emphasis added.) 735 ILCS 5/2-103(b) (West 2018). In this case, the plaintiff properly filed its mortgage foreclosure complaint in Marion County, as that is where the subject property is located. The question before us is whether the foreclosure action must be tried in Marion County or whether, under the circumstances of this case, the action could be transferred to Jackson County—the forum of the pending probate action.

¶ 33 One of the primary questions in the Marion County foreclosure case is whether the deficiency judgment had been fully satisfied, thereby precluding foreclosure of the Marion County property. A similar question regarding the deficiency judgment is at issue in the Jackson County probate case. In a probate case, the circuit court has the authority to "determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires." 755 ILCS 5/16-1(d) (West 2018). This includes the authority to determine issues related to interests in real estate in other Illinois counties. See *Gurga v. Roth*, 2011 IL App (2d) 100444, ¶ 16. Under the plain language of the Probate Act, the Jackson County circuit court has the authority to decide the issues related to the deficiency judgment, and the rights to the Marion County property, even though that property is not located in Jackson County. 755 ILCS 5/16-1(d); *Gurga*, 2011 IL App (2d) 100444, ¶ 16. In addition, because the circuit courts of Illinois are courts of general jurisdiction with the power to hear all justiciable questions, both the Marion

11

County circuit court and the Jackson County circuit court have jurisdiction to decide the issues related to the deficiency judgment. See Ill. Const. 1970, art. VI, § 9.

¶ 34 Having determined that the circuit courts in both Marion County and Jackson County have jurisdiction over the issues related to the deficiency judgment and the attendant rights to the Marion County property, the next consideration is venue.[1] The question is whether the specific venue statute that required the mortgage foreclosure action be brought in Marion County also required that the action be tried in Marion County.

¶ 35 In *ABN AMRO Mortgage Group, Inc. v. McGahan*, our supreme court considered the nature of a mortgage foreclosure action and determined that it was a "*quasi in rem*" proceeding. 237 Ill. 2d 526, 535 (2010). A "*quasi in rem*" proceeding is a proceeding against a named party. Although it involves rights in a parcel of property, a "*quasi in rem*" proceeding is nevertheless "personal in nature." *McGahan*, 237 Ill. 2d at 535. In contrast, an "*in rem*" proceeding operates under the legal fiction that the property itself is the defendant and may be found liable to the complaining party. *McGahan*, 237 Ill. 2d at 532-33. In a mortgage foreclosure action, the mortgagor is the "instrumentality of the wrong," as it was the mortgagor "who breached the contract by defaulting on the note secured by the mortgage." *McGahan*, 237 Ill. 2d at 536. Because some foreclosure actions are "*quasi in rem*" proceedings that are personal in nature, the provisions in article II of the Code of Civil Procedure and the Illinois Supreme Court Rules are generally applicable, except as otherwise provided. See 735 ILCS 5/1-108 (West 2018); 735 ILCS 5/15-1107 (West 2018).

---

[1]Jurisdiction and venue are distinct legal concepts. While jurisdiction relates to the power of a court to decide a case on the merits, venue determines where a case is to be heard. *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328 (1977).

12

¶ 36    In this case, the issues surrounding the deficiency judgment were personal to the decedent and the decedent's estate. Whether the deficiency judgment had been satisfied was a common question raised by the parties in both the Marion County foreclosure case and the Jackson County probate case. Because the deficiency judgment was personal in nature and central to the proceedings in both the foreclosure action and the probate action, either Marion County or Jackson County could provide a proper forum in which to resolve the deficiency judgment issues. However, this finding does not settle the dispute over whether the entire foreclosure case can be properly transferred to Jackson County under the doctrine of *forum non conveniens*.

¶ 37    The plaintiff brought its foreclosure action and its claim in the Marion County probate action to recover a debt owed under the deficiency judgment. The defendants then sought to transfer the foreclosure action to Jackson County under the doctrine of *forum non conveniens*, arguing that it was a more convenient forum for the trial of these issues. As noted, the doctrine of *forum non conveniens* allows a trial court, in its discretion, "to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). The doctrine presupposes that there is more than one forum with jurisdiction and venue over an action. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994); *Superior Structures Co. v. City of Sesser*, 277 Ill. App. 3d 653, 657 (1996). Here, the mortgage foreclosure case involved property situated in Marion County, and under the specific venue statute governing mortgage foreclosures, that case could not have been properly brought in Jackson County. 735 ILCS 5/2-103(b) (West 2018). Because there is only one forum with proper venue over the foreclosure action, the *forum non conveniens* doctrine is inapplicable in this case. Therefore, I conclude that the Marion County circuit court erred in transferring this case to Jackson County under the *forum non conveniens* doctrine.

13

¶ 38    That said, and as recognized by the Marion County circuit court, the parties could have requested a stay of the foreclosure proceedings pending a decision on the issues surrounding the deficiency judgment in the probate action. See 735 ILCS 5/2-619(a)(3) (West 2018). Section 2-619(a)(3) permits a defendant to seek a dismissal or stay of an action when there is another action pending between the same parties for the same cause. See 735 ILCS 5/2-619(a)(3) (West 2018). Factors that a court should consider in determining whether a stay under section 2-619(a)(3) is warranted include: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986). In addition, a circuit court may stay proceedings as part of its inherent authority to control the disposition of the cases before it. *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901 (1998). When determining whether a stay is warranted under the circumstances in a given case, a court may consider factors such as the orderly administration of justice and judicial economy. *Philips Electronics*, 295 Ill. App. 3d at 901-02. Because I have found that the Marion County circuit court erred in transferring this case to Jackson County under the *forum non conveniens* doctrine, I would vacate that order and remand the case for further proceedings. On remand, nothing would prevent the Marion County circuit court from considering whether a stay of the foreclosure proceedings, pending a resolution of the deficiency judgment issues in the probate action in Jackson County, is warranted.

¶ 39    In sum, the applicable venue statute required that the foreclosure action be filed in Marion County. Although common questions regarding the deficiency judgment were at issue in both the foreclosure case and the probate case, venue of the foreclosure action was not proper in Jackson County. Because there was only one county with proper venue over the foreclosure case, the

doctrine of *forum non conveniens* was not applicable. Thus, the circuit court erred in transferring the case to Jackson County on that basis. I would vacate the order of the Marion County circuit court, and remand this case for further proceedings.

¶ 40   For the reasons stated, I respectfully dissent.